ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CYNDIA L. MARRERO LÓPEZ<br><br>Recurrida<br><br>v.<br><br>FARMACIA CAGUAS, INC., Y/O FARMACIA DEGETAU<br><br>Recurrente | KLRA202300021 | *Revisión Administrativa* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Querella núm.: AC-22-086<br><br>Sobre: Despido Injustificado (Ley núm. 80) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico hoy, 31 de marzo de 2023.

Comparece la Farmacia Caguas Inc. (en adelante, Farmacia Caguas o parte recurrente) mediante *Recurso de Revisión Decisión Administrativa*, en el cual nos solicita revoquemos la *Resolución y Orden* dictada el 22 de diciembre de 2022, notificada el 4 de enero de 2023, por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos de Puerto Rico (en adelante, la OMA). Mediante dicho dictamen, la OMA decretó anotarle la rebeldía a Farmacia Caguas, Inc. (en adelante, Farmacia Caguas); declaró Ha Lugar la reclamación de la Sra. Cyndia Marrero López (en adelante, Sra. Marrero López o parte recurrida) y ordenó el pago de once mil seiscientos noventa y siete dólares ($11,697.00), por concepto de mesada por despido injustificado en el término de 30 días desde el archivo en autos copia de la notificación de la *Resolución y Orden* emitida.

Por los fundamentos que expondremos a continuación, se revoca la *Resolución y Orden* recurrida, se deja sin efecto la anotación de rebeldía y se devuelve el caso a la Oficina de Mediación

Número Identificador

SEN2023_____

y Adjudicación del Departamento del Trabajo y Recursos Humanos para la continuación de los procesos.

**-I-**

La Sra. Marrero López comenzó gestiones para un proceso de investigación en el Negociado de Normas del Trabajo (en adelante, Negociado), Oficina de Área de Humacao, por despido injustificado. El 20 de enero de 2022, el Negociado, mediante carta dirigida a Farmacia Caguas, les notificó sobre la reclamación de la Sra. Marrero López.[1] Luego de la investigación, concluyeron que Farmacia Caguas adeudaba la suma de $11,697.00 por concepto de mesada por despido injustificado a la Sra. Marrero López y le concedieron un término de 10 días para emitir dicho pago.

El 8 de febrero de 2022, el Negociado emitió una comunicación a Farmacia Caguas donde indican que, al no haber recibido contestación alguna sobre la comunicación del 20 de enero de 2022, le concedían 5 días para emitir el pago de $11,697.00 por concepto de despido injustificado y que, de no responder, se entenderá se reconocían los méritos de la reclamación.[2]

Debido a que las gestiones extrajudiciales del Negociado para el pago de la mesada por despido injustificado no tuvieron éxito, el caso fue referido a la división de mediación. Una vez celebrado el proceso de mediación, las partes no pudieron transigir la reclamación ante el Negociado, por lo que el 29 de junio de 2022, la Sra. Marrero López radicó una querella contra Farmacia Caguas, reclamando una indemnización por despido injustificado por la cantidad de $11,697.00 al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a y ss., conocida como *Ley de Indemnización por Despido sin Justa Causa*, (Ley Núm. 80 de

---

[1] Véase, Apéndice I, *Recurso de Revisión Decisión Administrativa*, págs. 5-6.
[2] Véase, *Copia del Expediente Certificado por la Oficina de Mediación y Adjudicación*, Parte Querellante, Folio 20.

1976).[3] Dicha querella se presentó en la OMA conforme al procedimiento establecido en la Ley Núm. 384 de 17 de septiembre de 2004, 3 LPRA sec. 320 et seq., mejor conocida como Ley para crear la Oficina de Mediación y Adjudicación del Departamento del Trabajo.

El 22 de agosto de 2022, la OMA emitió una *Notificación de Querella y Vista Administrativa* donde informan a Farmacia Caguas que se presentó una *Querella* en su contra por despido injustificado y que deberá presentar su contestación a la querella en un término de 10 días siguientes al recibo de la querella. Le indicaron que debía remitir la contestación a la querella a la Secretaría de OMA, por correo electrónico de la OMA (oma@trabajo.pr.gov) o por correo postal.[4] A su vez, notificaron que la fecha de la vista administrativa sería el 23 de noviembre de 2022.

El 29 de agosto de 2022, Farmacia Caguas remitió una comunicación al Lcdo. Reynaldo Santiago González, Director de la Oficina de Mediación y Adjudicación, en donde expresaba la posición del patrono, tal y como lo habían realizado en etapas y comunicaciones anteriores.[5] Esta comunicación fue enviada al correo electrónico indicado en la *Notificación de Querella y Vista Administrativa.*

El 21 de noviembre de 2022, la Sra. Marrero López presentó *Moción Interesando sea Dictada Resolución y Orden Conforme Regla 5.6 del Reglamento de OMA*.[6] Mediante dicha moción, la Sra. Marrero López solicitó se dictara Resolución en Rebeldía a su favor por Farmacia Caguas no haber presentado su contestación a la querella presentada.

---

[3] Véase, Apéndice I, *Recurso de Revisión Decisión Administrativa,* págs. 18-20.
[4] Véase, Apéndice I, *Recurso de Revisión Decisión Administrativa,* págs. 15-17.
[5] Véase, Apéndice I, *Recurso de Revisión Decisión Administrativa,* págs.21- 22.
[6] Véase, Apéndice Anejo II*, Alegato en Oposición a Solicitud de Revisión Administrativa,* págs. 2-9.

El 22 de noviembre de 2022, Farmacia Caguas informó mediante *Moción Urgente Solicitando Transferencia de Vista* que la Sra. Carmen Piñeiro, Administradora y Presidenta de Farmacia Caguas, se encontraba enferma y había arrojado positivo al virus respiratorio RSV, por lo que solicitaban se re señalara la vista para que esta pudiese comparecer y ofrecer su testimonio.[7] Ese mismo día, la OMA dictó *Resolución Interlocutoria* donde dispuso que la parte querellada, Farmacia Caguas, no contestó la querella, y como consecuencia de esto, declaró Ha Lugar la moción presentada por la parte recurrida de conformidad con la Regla 5.6 del Reglamento de Procedimientos de Mediación y Adjudicación de la OMA[8] y dejó sin efecto el señalamiento pautado para el 23 de noviembre de 2022.[9]

Inconforme con dicha *Resolución Interlocutoria*, el mismo 22 de noviembre de 2022, Farmacia Caguas presentó *Moción Solicitando Reconsideración a Resolución Interlocutoria* en donde arguyeron que no presentaron una contestación "nueva" toda vez que entendieron que la contestación presentada a la querella original constaba en el expediente y que no era necesaria otra comparecencia.[10] Además, informaron que, a través de sus comunicaciones emitidas con fechas del 11 de febrero de 2022 y 31 de mayo de 2022, habían comparecido activamente al proceso.[11] A su vez, presentaron un documento intitulado "Contestación a Querella" en el cual expusieron nuevamente su posición respecto a la reclamación de la Sra. Marrero López y su oposición a la misma.[12]

---

[7] Véase, Apéndice I del *Recurso de Revisión Decisión Administrativa,* págs. 23-24.
[8] Reglamento Núm. 7019 de 11 de agosto de 2005, Reglamento de Procedimientos y Adjudicación de la Oficina de Mediación y Adjudicación.
[9] Véase, Apéndice I del *Recurso de Revisión Decisión Administrativa*, págs.25-26.
[10] Véase, Apéndice I del *Recurso de Revisión Decisión Administrativa*, págs.27-28.
[11] Es importante aclarar que las referidas comunicaciones se realizaron como parte del proceso de investigación y mediación frente al Negociado y no como parte del proceso adjudicativo.
[12] Véase, Anejo VIII, *Alegato en Oposición a Solicitud de Revisión Administrativa*, págs. 26-27.

El 22 de diciembre de 2022, la OMA emitió *Resolución y Orden*[13], con las siguientes determinaciones de hechos:

1. La querellante Cyndia L. Marrero López laboró para FARMACIA CAGUAS, INC. desempeñándose como cajera y empleada general desde el 9 de mayo de 2007 hasta el 1 de marzo de 2021.

2. La querellante devengaba una compensación legal de TRESCIENTOS DÓLARES ($300.00) por semana.

3. La querellante trabajaba una jornada semanal de cuarenta (40) horas mediante contrato a tiempo indeterminado.

4. La querellante prestó trece (13) años de servicio al patrono querellado.

5. La querellante reclamó una mesada básica de TRES MIL OCHOCIENTOS NOVENTA Y SIETE DÓLARES ($3,897.00), correspondiente a tres (3) meses de sueldo.

6. La querellante también reclamó por concepto de despido injustificado la indemnización progresiva equivalente a veintiséis (26) semanas de sueldo (dos semanas por cada año trabajado), ascendente a SIETE MIL OCHOCIENTOS DÓLARES ($7,800.00).

7. La cuantía total por concepto de despido injustificado, reclamada por la querellante asciende a ONCE MIL SEISCIENTOS NOVENTA Y SIETE DÓLARES ($11,697.00).

8. En reclamo del pago por concepto de despido injustificado, la querellante acudió al Negociado de Normas de Trabajo, componente que tras realizar su investigación de la reclamación de la querellante le cursó dos (2) cartas de cobro al patrono querellado, con copia a la Lcda. Rodríguez Colón, a saber: el 20 de enero de 2022 y el 8 de febrero de 2022.

9. No habiéndose satisfecho el pago requerido, la reclamación fue remitida al componente de mediación de la OMA, sin embargo, por no haberse logrado transigir la reclamación, la querellante procedió a presentar la querella de autos en el componente de adjudicación de la OMA.

10. La NOTIFICACIÓN DE QUERELLA Y VISTA ADMINISTRATIVA fue recibida por la parte querellada y su representante legal el 24 de agosto de 2022.

---

[13] La *Resolución y Orden* fue notificada a las partes el 4 de enero de 2023.

11.    El 22 de noviembre de 2022, fue emitida una RESOLUCIÓN INTERLOCUTORIA notificada a las partes, en la que se acogió la solicitud presentada por la parte querellante para que se proceda con la anotación de la rebeldía contra la parte querellada y se emita resolución y orden concediendo el remedio solicitado, por no haber contestación a la querella. Ese mismo día la parte querellada presentó la CONTESTACIÓN A LA QUERELLA.

12.    El patrono querellado no contestó la querella dentro del término establecido de diez (10) días, ni solicitó prorroga, pese a lo advertido de no hacerlo en la NOTIFICACIÓN DE QUERELLA Y VISTA ADMINISTRATIVA.

La OMA, en cuanto a la rebeldía y la notificación de querella y vista administrativa expresó lo siguiente:

[...] "en los procesos adjudicativos ante la OMA, la NOTIFICACIÓN DE QUERELLA Y LA VISTA ADMINISTRATIVA, además de cumplir con el propósito de informar a las partes la fecha, hora y lugar en que habrá de celebrarse la vista administrativa, [les] apercibe sobre las medidas que la agencia podrá tomar contra la parte querellada por no presentar contestación a la querella y por no comparecer a la vista administrativa."

En cuanto a la disposición sumaria de las querellas sobre despido injustificado ante su consideración en la etapa adjudicativa, determinó lo siguiente:

"En toda acción instada al amparo de la Ley Núm. 80, el patrono vendrá obligado a alegar en la contestación de la demanda o querella, los hechos que dieron origen al despido y probar que el despido estuvo justificado para quedar eximido del pago de la indemnización que dispone la ley, de conformidad con el Artículo 11, 29 LPRA sec.185k. La jurisprudencia ha sostenido la validez de la disposición legal que fija en el patrono la obligación de probar sus alegaciones en casos de reclamación por despido injustificado. Esto significa que en toda reclamación bajo la Ley Núm. 80, se entiende que el despido es uno injustificado hasta tanto el patrono pruebe que estuvo justificado. Si el patrono no presenta evidencia admisible en apoyo de sus alegaciones, el trabajador prevalece automáticamente en una reclamación por despido al amparo de la ley antes mencionada, viniendo obligado solamente a probar el monto de indemnización que debe recibir. No obstante, como la resolución sumaria está al alcance de los reclamantes por disposición de la Regla 5.6 del *Reglamento de la OMA* cuando del expediente administrativo no surge alguna discrepancia que presente una controversia de hechos esencial, la

querella puede resolverse a través de ese apremio procesal sin necesidad de celebrar una vista."

En conclusión, declaró Ha Lugar la querella y ordenó a Farmacia Caguas que compensara a la Sra. Marrero López por concepto de mesada por despido injustificado, la cantidad de ONCE MIL SEISCIENTOS NOVENTA Y SIETE DÓLARES ($11,697.00).

Inconforme, el 13 de enero de 2023, Farmacia Caguas presentó el *Recurso de Revisión Decisión Administrativa* ante nuestra consideración en el que nos señala la comisión por la OMA de los siguientes errores:

> **Primer Error**: Erró el foro por adjudicar una Querella con falta de alegaciones específicas y en incumplimiento con la Regla 5.2 (d) del Reglamento de la OMA.
>
> **Segundo Error**: Erró la OMA al adjudicar la controversia sin celebrar una vista adjudicativa y anotar la rebeldía sin considerar las comparecencias mediante cartas remitidas ante dicho foro por la parte recurrente.
>
> **Tercer error**: Erró la OMA [al] no permitir que las partes de epígrafe ventilaran el caso en sus méritos, y al no permitirle a la parte querellada su día en corte, violentando de esta manera el debido proceso de ley.

El 7 de febrero de 2023, la Sra. Marrero López presentó su *Alegato en Oposición a Solicitud de Revisión Administrativa.*

Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

**-II-**

**A.    *Revisión judicial de determinaciones administrativas***

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa

de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010) y *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

Nuestro Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores, supra*, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir. Cond., supra; Otero v. Toyota*, 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa, como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Por lo tanto, el tribunal podrá sustituir el criterio de la agencia por el propio sólo cuando no pueda hallar una base racional para explicar la decisión administrativa. *Otero v. Toyota*, supra, pág. 729.

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la

totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota, supra*, pág. 728. En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

### B. *Ley Habilitadora de la OMA*

La Sección 13 de la Ley Núm. 15 de 14 de abril de 1931, conocida como "*Ley Orgánica del Departamento del Trabajo y Recursos Humanos de Puerto Rico*", enmendada por la Ley Núm. 384-2004, conocida como *"Ley para enmendar la Ley Núm. 15 de 1931: Ley para crear la Oficina de Mediación y Adjudicación del Departamento del Trabajo"*, 3 LPRA sec. 320 *et seq.*, creó la Oficina de Mediación y Adjudicación, la cual está adscrita al Departamento

del Trabajo y Recursos Humanos (en adelante, Departamento). Esta ley otorga jurisdicción a la OMA para atender las reclamaciones laborales mediante un procedimiento administrativo de adjudicación. Además, le confiere a la OMA la facultad de conciliación y adjudicación sobre las querellas por despido injustificado en las cuales no se reclame indemnización de daños y perjuicios y otras causales separadas al derecho de mesada.

El artículo 1 de la Ley Núm. 384-2004, dispone que la OMA tendrá jurisdicción concurrente con el TPI a opción de la parte querellante o reclamante en las materias de su jurisdicción y emitirá sus decisiones o resoluciones adjudicando las controversias conforme a la ley y a derecho mediante los procedimientos establecidos en la LPAU. Además, establece las materias específicas sobre las cuales el Departamento, a través de la OMA, ejercerá las funciones de conciliación y adjudicación, entre las cuales figuran las reclamaciones del caso de epígrafe.

En virtud de su ley habilitadora, la OMA adoptó el Reglamento Núm. 7019 de 11 de agosto de 2005, titulado *Reglamento de Procedimientos de Mediación y Adjudicación de la Oficina de Mediación y Adjudicación* (Reglamento de la OMA). En lo pertinente a la controversia ante nuestra consideración, el Reglamento de la OMA en cuanto a la notificación de querella y vista adjudicativa dispone lo siguiente:

**Regla 5.4: Notificación de la querella y vista adjudicativa**

La OMA notificará por escrito a los querellados o a sus representantes autorizados la querella presentada contra estos. Además, notificará a las partes de la fecha, hora y lugar en que se celebrará la vista adjudicativa. La notificación se efectuará personalmente o por correo certificado. También, podrá notificarse por facsímile o correo ordinario o electrónico, si así lo han autorizado las partes y existen los recursos en la OMA para realizar la notificación por dicho medio. La notificación se efectuará con no menos de quince (15) días de anticipación a la fecha de la vista, excepto que por causa debidamente justificada consignada en la notificación sea necesario acortar dicho período.

La notificación contendrá la siguiente información:

A. Copia de la querella y sus anejos.

B. **Orden al querellado de que deberá contestar la querella en el término de diez (10) días bajo apercibimiento de que se podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle**.

C. Fecha, hora y lugar en que se celebrará la vista.

D. Advertencia de que las partes podrán comparecer por derecho propio o asistidas de abogado, incluyendo los casos de corporaciones y sociedades. En el caso de corporaciones y sociedades se advertirá que deberá comparecer un oficial, director o socio con capacidad para representar a la compañía o sociedad, y así lo acreditará.

E. Cita a la disposición legal o reglamentaria que autoriza la celebración de la vista.

F. Apercibimiento a las partes de las medidas o sanciones a ser tomadas en caso de que una de las partes no comparezca a la vista. Se apercibirá al querellante de que, si no comparece a la vista, la OMA podrá ordenar la desestimación y el archivo por abandono o desinterés. Se apercibirá al querellado que, si no comparece a la vista, ésta se celebrará en su ausencia y se podrá dictar resolución en su contra concediendo el remedio solicitado de proceder en Derecho.

G. Advertencia de que la vista no podrá ser suspendida excepto por causa justificada.

Asimismo, en cuanto a la contestación a la querella, la Regla 5.5 del Reglamento de la OMA dispone lo siguiente:

**Regla 5.5: Contestación a la querella**

a. La parte querellada **tendrá un término de diez (10) días** desde la notificación de la querella para presentar su contestación a ésta por escrito.

b. **La contestación a la querella se presentará en la Secretaría de la OMA** y el querellado o su representante legal, certificarán haber enviado copia fiel y exacta de la misma al querellante.

c. La parte querellada deberá hacer un solo alegato responsivo, en el cual deberá incluir todas sus defensas y objeciones. El querellado deberá incluir copia de todo documento en apoyo de sus defensas y alegaciones. No se permitirá que se presente reconvención o contrademanda contra el querellante.

d. La parte querellada podrá solicitar prórroga al término final de diez (10) días para presentar su contestación a la querella si posee causa o razón justificada para ello. Sin embargo, toda solicitud de prórroga deberá ser presentada dentro de dicho término y deberá ser juramentada por la persona, representante u oficial autorizado que solicita la misma. Las solicitudes de prórroga que no cumplan con estos requisitos serán denegadas de plano.

Finalmente, en cuanto a cómo procederá el Juez Administrativo cuando el querellado no presente su contestación a la querella y el término para acudir ante nos, el Reglamento dispone lo que sigue:

**Regla 5.6: Resolución por no contestar**

Si el querellado no presentara su contestación a la querella en la forma y término dispuesto en la Regla 5.5, el Juez Administrativo **emitirá resolución contra el querellado a instancia del querellante concediendo el remedio solicitado y esta resolución será final, disponiéndose que podrá recurrir al Tribunal de Apelaciones dentro de los diez (10) días siguientes a la notificación de la resolución** para que se revisen los procedimientos.

### -III-

La *Resolución* recurrida fue emitida el 22 de diciembre de 2022 y fue notificada el 4 de enero de 2023. El recurso de revisión fue presentado el 13 de enero de 2022, dentro del término reglamentario de 10 días.

El segundo y tercer error se discutirán en conjunto por estar íntimamente relacionados entre sí. En síntesis, arguye la parte recurrente que erró la OMA al adjudicar la controversia sin celebrar una vista adjudicativa, y anotarle la rebeldía sin considerar las comparecencias anteriores y al no permitir que las partes ventilaran el caso en sus méritos violentando así su debido proceso de ley.

En el caso ante nuestra consideración debemos dilucidar si la comunicación mediante carta por parte de Farmacia Caguas el día 29 de agosto de 2022, cumple con los requisitos y se puede considerar como una contestación a la querella. Veamos.

Según surge del expediente judicial, el 29 de junio de 2022, la Sra. Marrero López instó una querella ante la OMA en contra de Farmacia Caguas.[14] El 22 de agosto de 2022, la OMA emitió una *Notificación de Querella y Vista Administrativa* en donde le apercibían a los recurrentes, en lo pertinente, que:

[…]

"1. Deberá presentar su contestación a la querella en el término de diez (10) días siguientes a su recibo en la Secretaría de la OMA. En caso de no hacerlo, el Juez Administrativo emitirá resolución en su contra, a instancia del querellante, concediendo el remedio solicitado mediante resolución y orden que será final. **La contestación deberá ser presentada utilizando el correo electrónico de la OMA (oma@trabajo.pr.gov), o a la siguiente dirección postal Oficina de Mediación y Adjudicación, Departamento del Trabajo y Recursos Humanos, PO Box 195540, San Juan, Puerto Rico 00919-5540**."[15] (Énfasis nuestro).

[…]

Como respuesta a la *Notificación de Querella y Vista Administrativa* de la OMA, el 29 de agosto de 2022, Farmacia Caguas emite una comunicación, la cual, según surge del expediente, fue enviada a la dirección informada por OMA al correo electrónico, **oma@trabajo.pr.gov** y junto a la comunicación, confirmaron su comparecencia a la Vista Administrativa.[16] La comunicación contenía la siguiente información:

*"29 de agosto de 2022*

*Lcdo. Reynaldo Santiago González*
*Director*
*Oficina de Mediación y Adjudicación*
*PO Box 195540, San Juan PR 00919-5540*

*Re: AC-22-086*
   *Cyndia Marrero v Farmacia Caguas, Inc.*

*Estimado Director:*

*Saludos. Reiteramos la posición de la Farmacia Caguas, Inc. sobre la legalidad del despido de la Sra. Cyndia Marrero quien solicita una suma de $11,697.00 por*

---

[14] Véase, Apéndice I, Recurso de Revisión Decisión Administrativa, págs. 18-20.
[15] Véase, Apéndice I, Recurso de Revisión Decisión Administrativa, págs. 15-17.
[16] Véase, Apéndice I, Recurso de Revisión Decisión Administrativa, págs. 21-22.

*concepto de despido al amparo de la Ley 80 de 30 de mayo de 1976, según enmendada.*

*Tal y como le informamos en comunicaciones anteriores es la posición de nuestro representado que dicha reclamación es totalmente improcedente conforme a hecho y derecho. La Sra. Cyndia Marrero alteró de manera intencionada un precio para adjudicarse una mercancía por lo que se cataloga como robo sus actuaciones.* ***A tales efectos, no reconocemos los méritos de esta acción y no procede la reclamación de pago alguno por este concepto****.*

*En este caso, la Sra. Cyndia Marrero cometió una falta grave de apropiación ilegal que conlleva el despido inmediato. Por lo tanto, cualquier reclamación en la que se reclame una indemnización por mesada bajo las disposiciones de la Ley de Despido Injustificado no sólo es improcedente, sino que se cataloga como temeraria por parte de la reclamante.*

*Agradeceremos que dialogue con la parte querellante sobre los hechos ocurridos en 27 de febrero de 2021 en los que faltó a su deber de fiducia realizando transacciones fuera de procesos que quedaron registrados en nuestros archivos y son justa causa para su despido por falta de confianza. De tener alguna duda o pregunta puede comunicarse con la abogada que suscribe al 787-998-1911 y con gusto coordinamos una reunión a su conveniencia.*

*Atentamente,*
*Xaimara Rodríguez"*

De la evaluación y análisis de la comunicación surge que la misiva cumplió con los requisitos para considerarse una contestación a la querella. La misma fue sometida dentro del término de los 10 días que establece el Reglamento de la OMA. Tal y como expresamos previamente, la comunicación realizada mediante carta fue enviada al correo electrónico indicado en la *Notificación de Querella y Vista Administrativa,* cumpliendo así con lo ordenado por la OMA y conforme al Reglamento. Por lo tanto, de conformidad al análisis anteriormente esbozado, este Tribunal concluye que la carta emitida por Farmacia Caguas a la OMA, fechada el 29 de agosto de 2022, debe ser considerada como la Contestación a la Querella exigida en la Regla 5.5 del Reglamento de la OMA.

Además, es importante señalar que el 22 de noviembre de 2022 Farmacia Caguas presentó *Moción Solicitando Reconsideración a Resolución Interlocutoria* mediante la cual OMA le anotó la rebeldía y en la cual arguyeron que no presentaron una contestación "nueva" toda vez que entendieron que la contestación presentada a la querella original constaba en el expediente y que no era necesaria otra comparecencia. Por otra parte, ese mismo día la parte aquí recurrente presentó documento intitulado *"Contestación a Querella"* en el cual expuso nuevamente su posición respecto a la reclamación de la Sra. Marrero López y su oposición a la misma.

En vista de lo anteriormente expuesto, concluimos que erró la OMA al anotar la rebeldía a Farmacia Caguas y dictar *Resolución y Orden,* privándola de la vista administrativa a pesar de haber expuesto las razones por las cuales el pago de mesada, a su entender, es improcedente.

Por otro lado, la parte recurrida, Farmacia Caguas, expone en su primer señalamiento de error que la OMA erró al adjudicar una querella con falta de alegaciones específicas y en incumplimiento con la Regla 5.2 (d) del Reglamento de la OMA.[17] La controversia que surge de dicho error, deberá dilucidarse como parte del proceso adjudicativo frente a la OMA. Sin embargo, nada impide que Farmacia Caguas acuda nuevamente ante nos, si lo estima necesario, cuando el foro *a quo* adjudique el caso en los méritos.

**-IV-**

---

[17] La Regla 5.2 del Reglamento de la OMA dispone en lo pertinente, lo siguiente:

**5.2 Querella**
La querella deberá contener la siguiente información:

[...]

d. Relación sucinta y clara de los hechos que dan origen a la querella y hojas de cómputos generadas en el Negociado de Normas de Trabajo.

[...]

Por los fundamentos anteriormente expuestos, se revoca la *Resolución y Orden* recurrida, se deja sin efecto la anotación de rebeldía, y se devuelve el caso a la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos para la continuación de los procesos cónsono con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones